UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN A. ARNETT, et al., | : | Case No. C-1-02-87 |
| | : | |
| | : | (Judge S. Arthur Spiegel) |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WILLARD INDUSTRIES, INC., | : | |
| | : | |
| Defendant. | : | |

## DECLARATION OF WILLIAM AUBERLE

1. I, William Auberle, am a resident of the State of Arizona and am competent to testify in a court of law. I have personal knowledge of the information set forth below.

2. The opinions and conclusions presented herein are expressed to a reasonable degree of scientific certainty and best engineering judgment.

3. I am an environmental engineering consultant for organizations, including the United States Environmental Protection Agency, and am a faculty member at Northern Arizona University. My previous work experience includes positions as Supervisor, Regional Air Pollution Control Agency in Dayton, Ohio and as Director, Air Pollution Control Division, Colorado Department of Health. From 2002 through 2005 I served the Franklin County Ohio Court of Common Pleas as Liaison with the Southside Community of Columbus and Georgia Pacific Resins,

Inc. I am in my fifth term on the Clean Air Act Advisory Committee to the Administrator of the United States Environmental Protection Agency.

4. I have reviewed the *Performance Test Report* for Willard Industries as submitted by Almega Environmental, Inc. and dated July 2006. This test was performed as the "Final Test" required in paragraph 20 of the court order in Case No. C-1-02-87, U.S. District Court, Southern District Of Ohio, Western Division.

5. As noted in the test report, I personally attended and monitored the testing performed by Almega on July 6, 2006.

6. Two significant observations from this testing demonstrate that the emissions control system at Willard Industries does not comply with the performance criteria set forth in the order.

7. The emissions testing on July 6 consisted of two independent test runs, each following the same protocol. (I personally discussed this protocol with David Wetmore, Almega President, prior to the testing and confirmed its applicability to the expectations described in the federal court's order.)

8. The goal of the test was to determine the control efficiency of the emissions control equipment with respect to volatile organic compounds or "organic carbon". This information is to ascertain whether "…the Control System, when Willard's Furnace is in full operation, is controlling at least 40% of total emissions…" (paragraph 21 of the order).

9. On the test date Willard's furnace was in full operation. The two tests showed emissions control efficiencies of 33% and 40%.

10. Following the first test run (33%), I consulted with Willard personnel in an attempt to optimize performance of the system. The result was an improvement to 40%, but this condition is not sustainable in regular production. Thus, the requirement to achieve a minimum of 40% is not met. Hence, the requirements of the order were not met.

11. Paragraph 25 and Exhibit A require that "For a period of twelve (12) months after the Control System passes the Final Test, Willard shall provide quarterly reports generated by such Monitoring Devices to the Court, Plaintiff's counsel, and Plaintiff's Consultant.

12. On July 6, 2006 I inspected the monitoring devices and determined that they were physically and operationally incapable of producing data usable for the stipulated quarterly reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of November, 2006.

*(signature)*
William Auberle
Plaintiff's Consultant