UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KAREN A. ARNETT, et al.,** | : | Case No. C-1-02-87 |
| | : | |
| Plaintiffs, | : | (Judge S. Arthur Spiegel) |
| | : | |
| vs. | : | |
| | : | |
| **WILLARD INDUSTRIES, INC.,** | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE COMPLIANCE WITH THE CONSENT DECREE**

Plaintiffs file this Reply to underscore the need for Defendant to comply with the emissions control and monitoring system requirements of the December 4, 2003 Consent Decree, through whatever means this Court deems appropriate, and to address certain deficiencies in Defendant's Response.

First, the only competent evidence in the record, the testimony of Plaintiffs' Consultant William Auberle, demonstrates that Defendant is not complying (or substantially complying) with the emissions control requirement of the Consent Decree. (*See e.g.*, Jan. 31, 2007 Auberle Decl. ¶ 4, attached hereto as Ex. 1). As noted in Plaintiffs' Motion to Enforce, two runs comprised the Final Test. The Control System controlled only 33% of emissions during the first run. (November 15, 2006, Auberle Decl. ¶¶ 9-10, attached as Ex. A to Plaintiffs' Motion to Enforce). Then, the second run was performed under optimal conditions, *i.e.*, not normal operating conditions for the

facility, resulting in control of 40% of total emissions. (*Id*.). As William Auberle states, the results of the second run are not sustainable during regular production. (*Id*.). It is an explicit requirement of the Consent Decree that the Control System divert a minimum of 40% of total emissions while Defendant's facility is in full operation. (December 4, 2003 Consent Decree ¶¶ 20-21). That requirement is not met.

Defendant argues, essentially, that the 37% average achieved during the Final Test is close enough to the Consent Decree's 40% control requirement. First, 40% was the agreed-upon ***minimum*** control requirement. (December 4, 2003 Consent Decree ¶¶ 20, 21). 37% control under optimal conditions does not satisfy, nor substantially satisfy, the requirement that a minimum of 40% of total emissions be controlled under normal operating conditions. Additionally, Defendant's "substantial compliance" argument misses the mark in the case at bar. This case involves a public health statute, the Clean Air Act, and involves a facility that is emitting styrene and benzene. (*Id*. ¶ 16). This case involves chronic exposure of a poor community to at least the levels required by the Consent Decree. It is not a case involving the delivery of "almost the full order of widgets."

Second, Defendant has failed to demonstrate, with ***competent*** evidence, that the required monitoring devices are adequately installed and capable of producing the data required by the Decree. William Auberle's unrebutted testimony is that: (1) as of July 6, 2006, the date of the Final Test, the monitoring devices were operationally incapable of producing the reports required by the Consent Decree; and, (2) that as of Jan. 31, 2007, Defendant has not provided any data generated by the monitoring devices to Plaintiffs, further indicating that the devices are not properly installed. (Jan. 31, 2007 Auberle Decl.

¶ 5).[1] In the face of this evidence, Defendant's simple assurance that the Monitoring Devices are "now capable" of generating reports "in the future" (see Defendant's Response, at 4) does not demonstrate compliance.[2] The unrebutted evidence is that these too-long delayed duties have not been performed.

Finally, Defendant contends that the purchase and installation of a thermal oxidizer system would put it out-of-business. (Defendant's Response, at 4-5). Again, Defendant in its Response offers no competent evidence that it is struggling financially. In fact, on the day of the Final Test, Paul Thompson, the owner of Willard Industries, Inc. and the individual in charge of day-to-day operations, represented to William Auberle that Defendant's business was doing well because of a growing demand for Defendant's product in overseas markets. (Jan. 31, 2007 Auberle Decl. ¶ 6). In any event, Plaintiffs request that this Court hold a hearing to determine, in the Court's discretion, what measures Defendant should take to comply with the terms of the Consent Decree, and Plaintiffs only seek the installation of the thermal oxidizer system if the Court finds there is no other suitable alternative.

Respectfully Submitted,

*s/* D. David Altman
D. David Altman (0021457)
D. David Altman Co., L.P.A.
15 East 8th Street, Suite 200W
Cincinnati, Ohio 45202
(513) 721-2180
(513) 721-2299
daltman@one.net

Trial Attorney for Plaintiffs

---

[1] The absence of data also, as William Auberle states, means that "to date, no data or other information demonstrate that the emissions control system is functioning." (Jan. 31, 2007 Auberle Decl. ¶ 5).

[2] A total failure to generate and provide the required data is not substantial compliance.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd Day of February, 2007, I filed Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Enforce Compliance with the Consent Decree with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following individual:

Charles M. Meyer, Esq.
Trial Attorney for Defendant
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, Ohio 45202
cmm@santen-hughes.com.

Additionally, I served a copy of the foregoing Reply on said individual via regular U.S. mail on this date.

/s/ Diana Christy_____

Attorney for Plaintiffs