# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KAREN A. ARNETT, et al., | Case No. C-1-02-87 |
| | |
| | (Judge S. Arthur Spiegel) |
| Plaintiffs, | |
| | |
| vs. | |
| | |
| WILLARD INDUSTRIES, INC., | |
| | |
| Defendant. | |

**DECLARATION OF WILLIAM AUBERLE**

1.  I, William Auberle, am a resident of the State of Arizona and am competent to testify in a court of law. I have personal knowledge of the information set forth below.

2.  The opinions and conclusions presented herein are expressed to a reasonable degree of scientific certainty and best engineering judgment.

3.  I am an environmental engineering consultant for organizations, including the United States Environmental Protection Agency, and am a faculty member at Northern Arizona University. My previous work experience includes positions as Supervisor, Regional Air Pollution Control Agency in Dayton, Ohio and as Director, Air Pollution Control Division, Colorado Department of Health. From 2002 through 2005 I served the Franklin County Ohio Court of Common Pleas as Liaison with the Southside Community of Columbus and Georgia Pacific Resins,

Inc. I am in my fifth term on the Clean Air Act Advisory Committee to the Administrator of the United States Environmental Protection Agency.

4. I inspected the emissions control system at Willard Industries on July 6, 2006. Concurrently I observed the emissions testing that day performed by Almega Corp. This inspection and testing demonstrated that the emissions control system does not achieve a 40% reduction in styrene or total emissions from the lost foam process.

5. On July 6, 2006 I inspected the required emissions monitoring system to be employed continually on the lost foam process. The monitoring system was inoperable, and to date, no data or other information demonstrate that the emissions control system is functioning.

6. On July 6, 2006 while at the Willard facility, I spoke with Paul Thompson about both test results and the general state of business at Willard Industries. Mr. Thompson was disappointed in the test results, but commented that business was quite good due, in part, to increased shipments of castings to overseas customers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of January, 2007.

_____  1/31/07
William Auberle
Plaintiff's Consultant